UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
MARDICA M. HANBY, )
) No. C07-1610RSL
    Plaintiff, )
  v. ) ORDER GRANTING DEFENDANT'S
) MOTION TO COMPEL RULE 35
SAFEWAY INC., ) EXAMINATION
)
    Defendant. )
_____)

This matter comes before the Court on "Defendant's Motion to Compel Rule 35 Examination." Dkt. # 25. Federal Rule of Civil Procedure 35(a) authorizes the Court to order a party to submit to a psychiatric or medical examination "[w]hen the mental or physical condition (including the blood group) of a party . . . is in controversy" and the moving party has shown "good cause." Although a claim for emotional distress in an employment discrimination case generally does not put plaintiff's psychiatric condition "in controversy" such that it would justify a potentially invasive independent psychiatric examination (see, e.g., Curtis v. Express, Inc., 868 F. Supp. 467, 468-69 (N.D.N.Y. 1994)), where plaintiff alleges that the emotional distress she suffered was so severe that it continues to cause emotional and physical ailments and has resulted in a diagnosis of post traumatic stress disorder, the allegations give rise to something more than the "garden variety" emotional distress claims that normally accompany employment discrimination claims. The Court finds that defendant should be permitted an opportunity to develop a defense to the anticipated testimony of plaintiff and her treating physician regarding

the cause and extent of her emotional distress.

Plaintiff's psychiatric condition is "in controversy" and defendant has shown good cause for conducting a full day interview and psychological testing followed by a second meeting of no more than four hours for the purpose of additional interview and/or testing as Dr. Gerald M. Rosen deems necessary. Defendant's motion to compel is therefore GRANTED. The above-described evaluation shall be conducted by Dr. Rosen at his offices located at 2825 Eastlake Avenue East, Suite 205, Seattle, Washington on a date and at a time to be agreed upon by the parties.[1] Defendant shall bear the costs of the examination and testing. No follow-up questioning will be permitted without further order of the Court.

Dated this 30th day of June, 2009.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] The dates specified in defendant's motion (June 8th and June 12th) have already passed. The parties shall make every effort to schedule the examination within the next two weeks.